## THE PEOPLE *v.* ECKERT.

To convict a defendant of larceny upon the testimony of an accomplice, together with corroborating evidence, the corroborating evidence must connect the defendant with the offense charged. It is not sufficient that it corroborate the accomplice as to the fact that a larceny was committed.

McB., the accomplice, swore to the larceny by the defendant. The Court instructed the jury, " that though the witness McB. was impeached, if his testimony was corroborated by the testimony of witnesses unimpeached, they were bound to believe his testimony :" *Held,* that the instruction was wrong, as taking from the jury their right to judge of the credibility of all the statements of the witness.

It is irregular for one of the Justices composing the Court of Sessions, on a criminal trial, to retire before the termination of the trial, and another Justice, not present during the previous stages of it, to come in and participate in the proceedings. The members of the Court who act as such when the case is developed, should continue to act until the close. Whether such irregularity is sufficient to reverse a conviction otherwise regular, not here decided—but the practice is dangerous and disapproved of.

APPEAL from the Court of Sessions of Butte county.

Defendant was indicted for stealing a steer. On the trial, the prosecution introduced as a witness, one McBillingsly, who testified, in substance, that he drove the steer from Dry Creek, Butte county to Thompson's Flat; that defendant was with him, and that he drove the steer for defendant, and told defendant it was not his steer. The steer was driven to a butcher's corral. The butcher and one of his employees testified that McBillingsly did deliver the steer to them, and that there was another man with him, but because of the darkness, they did not see him. Another witness testified to seeing McB. driving the steer along the road, as he testified. But there was no testimony other than that of McB. connecting defendant with the larceny.

During the trial of the case, and until the jury retired to deliberate, the Court of Sessions was composed of the County Judge and two associates, Downer and Whitmore, elected according to law. After the jury returned into Court, Downer being absent from the Court room temporarily, N. P. Cartland, a Justice of the Peace, took his place as Associate Justice, and the verdict was received and recorded, jury discharged, and a time set for sentence; defendant excepting to the action of the Court as thus organized.

The other material facts are stated by the Court. Defendant was convicted and appeals.

*Jas. E. N. Lewis,* for Appellant.

1. The evidence in corroboration of the testimony of an accomplice, must connect the defendant with the offense, and hence the Court erred in refusing the instruction to this effect. (Wood's Dig. 299, sec. 375; *Rex* v. *Webb,* 25 Eng. C. L. 556; *Rex* v. *Addis,* Id. 452; *Regina* v. *Dyke,* 34 Id. 381; *Regna* v. *Foster,* Id. 314; *Rex* v. *Wells,* 22 Id. 324; *Rex* v. *Wilkes,* 32 Id. 507.)

2. The charge that, though McBillingsly was impeached, yet if his testimony was corroborated by other witnesses, the jury must believe him, was erroneous. The weight of evidence and credibility of witnesses must be left to the jury.

3. It was error in the presiding Judge requesting N. P. Cartland, Justice, during the temporary absence of J. G. Downer, one of the Associate Justices, to act as Associate Justice in the cause.

Under the constitution and the law, at the time stated in the exception, the persons assuming to hold a Court were no Court. The Court of Sessions is composed of three Judges—the County Judge and two

Associates; and when the Associates are elected, they, with the County Judge, become the Court. Any other organization would be illegal; for if, after the Associate Justices are elected, and during their term of office, a third associate is appointed, we would then have the anomaly of having a Court with three Associate Justices, when the Constitution and the law limit it to two.

Again: It was illegal and improper in this; that when a cause has been commenced, the same tribunal, with the same Judges, ought to hear the cause to judgment. The facts stated show that the absence of J. G. Downer, Associate Justice by election, was a temporary absence from the Court room. The facts do not bring it within the fifty-first section of the act organizing that Court. It was not an absence for or of the term of the Court, and the office of the Justice was not vacant. The emergency contemplated by the statute did not exist, when Cartland was called as Associate Justice.

*Thos. H. Williams, Attorney General,* for Respondent.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

It is conceded by the Attorney General, and rightly, that the judgment must be reversed.

1. The defendant was indicted for grand larceny. The Court refused to give the following instruction: " Although the jury may be satisfied that the offense of grand larceny has been committed, yet if they find that the witness, McBillingsly, was an accomplice to the offense, they cannot find the defendant guilty, unless that witness be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense. And such corroboration will be insufficient, if it merely shows the commission of the offense, or the circumstances of such commission, but they must connect the defendant with the taking." This refusal was erroneous. (*Regina* v. *Dyke,* 34 Eng. C. L. R. 381.) It is held, by this and other cases cited by the appellant's counsel, that the corroborating evidence to the statements of the accomplice must connect the prisoner with the offense charged.

2. The Court also erred in giving the jury this instruction: " That though the witness, McBillingsly, was impeached, if his testimony was corroborated by the testimony of witnesses unimpeached, they were bound to believe his testimony."

Allen *v*. Hill.

The credibility of any and all statements of a witness is a matter for the jury, and the Court should not interfere with their province in this respect. It does not follow because a witness impeached, or not impeached, is supported, in some degree, or in some portions of his evidence, by other witnesses, that the jury are bound, as matter of law, to believe everything he says. Many things may characterize a cause or the testimony of a witness, which deny or impair credit to his assertions; and the jury should be left free to pass upon all the circumstances and considerations in connection with his testimony, and assign to his statements their true weight and value as proof. A witness may be supported in a particular part of his testimony, and thus supported, the jury may believe that part, while, in other respects, they may think him altogether incredible.

3. An exception is taken to the fact that one of the Justices composing the Court of Sessions retired before the termination of the trial, and another Justice, not present during the previous stages of it, was called in at or towards the close of it, and participated in the proceeding. This certainly was very irregular. The members of the Court, who act as such when the case is developed, and who, therefore, are acquainted with the history and facts of it, should continue to act until the close. Otherwise it is apparent that there is not much difference between a Court composed of only two members and a Court composed of three, one of whom is ignorant of the matters before transpiring. Without affirming that this irregularity is, of itself, sufficient to reverse a conviction otherwise regular, we take occasion to express our disapproval of the practice, and suggest the danger to which it exposes the action of the Court.

Judgment reversed and cause remanded for a new trial.