No. 2,291.

THE PEOPLE OF THE STATE OF CALIFORNIA, Respondent, v. JOSEPH H. JOSSELYN (impleaded with Charles Clarke and Cordelia Rooms), Appellant.

Criminal Practice.—Abortion.—Evidence of Pregnancy.—In a prosecution for an attempt to produce an abortion it is competent to prove by the witness, on whom the offense was alleged to have been committed, not only the fact that she was pregnant, but all the circumstances tending to show her pregnancy.

Idem.—Corroborative Testimony.—Where the only evidence is the testimony of the woman on whom the attempt to produce an abortion was made, it must be corroborated in respect to some of the material facts which constitute a necessary element of the crime.

Idem.—Any evidence, in addition to that of the witness, tending to show a criminal intent on the part of the defendant would be a sufficient corroboration of her testimony to bring the case within the statute, although it might differ from hers as to the particular method employed to produce the abortion.

APPEAL from the County Court of the City and County of San Francisco.

The facts are stated in the opinion.

*George A. Nourse,* for Appellant.

The Court below erred in the course of the trial:

*First*—In allowing the witness, Elizabeth Locke, to testify

as to what took place between herself and the defendant, Clarke, who was not on trial, and between whom and the defendant who was on trial (Josselyn) no connection is shown in the whole course of the trial.

*Second*—In allowing witness, Tuthill, to testify as to conversation which took place between himself and the defendant, Rooms (who was not on trial), not in the presence of Josselyn, the defendant, who *was* on trial.

*Third*—In allowing witness, Tuthill, to testify as to conversation with defendant, Clarke, not then on trial; said defendant, Clarke, not being shown at the trial to be connected with defendant, Josselyn, in any manner.

It is only when they constitute a part of the *res gestæ*, that declarations of others can be given in evidence against a defendant in a criminal action. And even then, only when they tend in some way to elucidate or give character to the act which they accompany; as, for instance, the cries of the mob accompanying the prisoner in Lord George Gordon's case (21 How. State Trials, 535.)

If they can have no effect upon the act done, and derive no credit from it, but depend for their effect upon the credit of the party who makes them, they are not admissible merely because they may have some connection with the act or relate to it. (*Woods* v. *Banks*, 14 N. H. 101.)

Even a confession is only evidence against the party making it, and cannot be used against others, even though they be charged with a *joint* offense. (Appleby's Case, 3 Stark, N. P. 33; *Morrison* v. *State*, 5 Ohio, 539; *Lowe* v. *Boteler*, 4 Har. and McH. 346.)

When there is a joint presentment of two defendants for adultery, the admissions of either party are evidence against the one making them, *but not against the other*. (*Frost* v. *Commonwealth*, 9 B. Monroe, 362; *Hunter* v. *Commonwealth*, 7 Grattan, 641; *Malone* v. *State*, 8 Georgia, 408.)

So, too, the confession of the principal is held not admissible against the accessory of the commission of the act constituting the *corpus delicti*. (Turner's Case, 1 Moody, C. C. 347.)

The verdict of the jury is contrary to the law and the

evidence, in that the defendant, Josselyn, is shown upon the trial to have been a practicing physician, and there is no testimony in the case corroborating that of Elizabeth Locke in the indictment mentioned, as to the alleged use by defendant, Josselyn, of an instrument with intent to procure the miscarriage of said Elizabeth Locke; so that defendant, Josselyn, was convicted by the jury of the crime charged in the indictment on the testimony of Elizabeth Locke alone. The statute provides as follows : "Nor shall such physician or surgeon be arrested, indicted, or put on trial, or convicted by the testimony of such woman alone." (Act of April 16, 1850, concerning crimes and punishments, Sec. 45, amendment approved May 20, 1861, Hittell's Dig. Art. 1447.)

The law upon this question is very clearly laid down in the charge of the Court at the trial, which charge the jury seem to have entirely disregarded.

The peremptory provision of the statute removes from this case all the questions which have arisen in the case of the testimony given by accomplices. It makes it *absolutely necessary* that the woman's testimony shall be corroborated by the testimony of others in all *material* points.

"The corroboration of an accomplice ought to be as to some fact or facts, the truth or falsehood of which goes to prove or disprove the offense charged against the prisoner." (Addis' Case, 6 C. and P. 338.)

*Jo Hamilton,* Attorney General, for Respondent.

*First*—The testimony at best could not in anywise prejudice the defendant. The pregnancy of the witness was a point material to the issue. If she was not pregnant, then the offense charged against the defendant could not be committed by him.

That she was pregnant through illicit intercourse, and hence the motive for the abortion, was also proper testimony, as evidence showing the inducement and cause of the abortion; the reason why it was committed was certainly competent testimony, as it would not be presumed that so grave a crime could be committed without a motive.

The same may be said of the objections to the testimony

of the witness, Tuthill, objected to by defendant. The evidence could not in any manner prejudice the defendant, Josselyn.

There was sufficient testimony of the common actions of the defendants to permit all the testimony, not only as part of the *res gestæ*, but even the basis as laid for the testimony of the acts of the accomplice, apart from his colleagues in crime. (See Roscoe's Criminal Evidence, 387; 1 Phil. E. Mar. p. 205 and note 83; Greenleaf on Evidence, Sec. 111; 1 Wharton's American Law, Sec. 702.)

*Second*—It is not necessary that the testimony in corroboration be conclusive testimony, or such testimony as, without that of the woman operated upon, would justify a conviction. The statute providing that no conviction shall be had upon the uncorroborated testimony is based upon the same reason that prevents the conviction of a criminal upon the testimony of an accomplice alone. Courts have always held that this need not be conclusive, but it is sufficient if the testimony tend to corroborate. (See 1 Greenleaf on Evidence, paragraph 381, and cases there cited.)

It was the province of the Court to determine whether there was evidence tending to corroborate the testimony of the witness, Elizabeth Locke. It was the province of the jury to give such weight to such testimony as it was entitled to.

CROCKETT, J., delivered the opinion of the Court:

The defendant was indicted for and convicted of the crime of attempting to produce an abortion on the body of one Elizabeth Locke. The proof shows that he was at the time of the alleged offense a practicing physician; and in the same indictment two other persons, to wit: Cordelia Rooms and Charles Clarke, are accused of having advised and encouraged the defendant to commit the offense. The defendant was separately tried, and on the trial the witness, Elizabeth Locke, was permitted to testify, against the objection of the defendant, to the facts and circumstances of her illicit connection with Clarke, which resulted in her pregnancy; and

the witness, Tuthill, was permitted to testify to certain conversations with Rooms and Clarke, prior to the commission of the alleged offense by the defendant, to which rulings the defendant excepted, and which are relied upon as error on this appeal.

There was no error in permitting the witness, Elizabeth Locke, to testify concerning her criminal intimacy with Clarke. The fact that she was pregnant, was a material fact alleged in the indictment, and necessary to be proved on the trial. In establishing this fact, it was competent for the prosecution to prove all the circumstances tending to show her pregnancy; and her testimony, to the effect that she had been cohabiting with Clarke, certainly tended to prove that her pregnancy, if not a necessary, was certainly a natural result. The testimony was clearly competent.

The testimony of Tuthill, in respect to the conversation between himself and Clarke, does not appear to have been objected to by the defendant; and even though it had been improperly admitted, it could not have prejudiced him, inasmuch as it related to immaterial matters. The conversation between the witness and Mrs. Rooms, was to the effect that the latter suspected the girl, Elizabeth Locke, to be in the family way, and that she was about to take her to a physician to be examined. If this testimony was not admissible as a part of the *res gestœ*, we, nevertheless, do not perceive how it could possibly have prejudiced the defendant. It is not denied, on the part of the defense, that the girl was taken by Mrs. Rooms to the office of the defendant to be examined by him, with a view to ascertain whether or not she was pregnant. The defendant, at the time of his arrest, stated to the policemen, McCormick and Stone, that the girl had been brought to him by Mrs. Rooms, that he might examine her for that purpose; and he admitted he had made the examination, but denied that he had used any instrument for that purpose, or had sought to produce an abortion. These facts being duly established by other testimony, and not denied, as we understand it, no damage could possibly have resulted to the defendant from the declaration of Mrs.

Rooms that she was about to have such an examination made.

The only other ground of error relied upon is, that the verdict was contrary to law and the evidence, and ought to have been set aside and a new trial granted. It is not claimed by the defense that the testimony of the witness, Elizabeth Locke, if true, does not fully sustain the indictment and prove the charge as alleged. But Section 45 of the Act concerning crimes and punishments, after defining the offense of which the defendant is accused, provides that a physician or surgeon shall not be arrested, indicted, put on trial or convicted of the offense "by the testimony of such woman alone ;" and it is claimed, with much earnestness, that the testimony of the witness, Elizabeth Locke, is not corroborated in several essential particulars, and that no conviction can be had, unless she was corroborated as to *every material* fact. In several particulars she was fully corroborated ; as, for example, in respect to her pregnancy and miscarriage, and also in respect to the fact that she was at the office of the defendant, in company with Mrs. Rooms, and was examined by him with a view to ascertain if she was pregnant. The only material fact in which she was not corroborated is in respect to the use of an instrument by the defendant in making the examination, and the pain which resulted from it. But this is the vital point in the case. The charge in the indictment is, that he used an instrument with the intent to produce abortion. This is the very gist of the offense ; and if every other fact testified to by her was true, the defendant was entitled to be acquitted, unless this also was true. If this fact be omitted the defendant was guilty of no crime. It was a legitimate exercise of his profession to examine her, when properly requested, to ascertain if she was pregnant ; but on ascertaining this fact, if he proceeded to use an instrument, with the intent to produce an abortion, he was guilty as charged in the indictment.

On this vital point in the case there is no corroboration whatever of the witness, Locke. It is proved that she was pregnant and had a miscarriage ; but, aside from her testi-

mony, there is no proof whatever that any attempt was made by any one to produce abortion, or that the miscarriage was the result of any such effort. It is not enough that the witness was corroborated in some particulars which involve no criminality in the defendant. She must also have been corroborated by circumstances, or otherwise, in at least some portion of her testimony which imputes to the defendant the commission of the crime alleged, to wit: the use of an instrument with intent to produce abortion. In this particular there was not the slightest corroboration of her testimony. In view of the confidential relations which exist between physicians and surgeons and their patients, and the secrecy which necessarily exists in the treatment of certain diseases to which females are subject, and foreseeing that physicians and surgeons might be exposed to great peril if criminal practices imputed to them could be sustained on the uncorroborated statement of the patient alone, the Legislature has wisely provided that they shall not be "arrested, indicted, put on trial, or convicted" of an attempt to produce abortion "by the testimony of such woman alone."

Judgment reversed and new trial ordered.

The following supplemental opinion of the Court was also rendered by CROCKETT, J.:

In the opinion recently delivered in this case, after stating that it was claimed with much "earnestness" by the defense, that the testimony of the witness, Elizabeth Locke, was not corroborated in several essential particulars, and also that no conviction could be had, unless she was corroborated as to *every material* fact, we proceeded to say that the witness was sufficiently corroborated as to every material fact, except in respect to the use of an instrument by the defendant in making the examination, and the pain which resulted from it. But we held this to be the vital point in the case, and that the testimony of the witness was not corroborated in this particular. In commenting on this point, we said: " She must also have been corroborated by circumstances or

otherwise, in at least some portion of her testimony which imputes to the defendant the commission of the crime alleged," to wit: the use of an instrument with intent to produce abortion. Fearing that this expression may be misinterpreted, we have deemed it best to explain more fully our views on this point. We do not intend to be understood as announcing that it is essential the witness should have been corroborated in respect to the particular method to which she testifies as having been employed to produce an abortion, but it will be sufficient if she is corroborated by other testimony tending to show an attempt by the defendant to produce the abortion in any method. The *crime* consists in the attempt to produce abortion; and though the indictment in this case charges, and the witness testifies, that the defendant employed an instrument for that purpose, nevertheless, if it had been shown, for example, by other evidence, that the defendant had confessed to an attempt to produce the abortion, not by the use of an instrument, but by administering a particular drug, this testimony would not only have been clearly competent, as tending to establish the criminal intent, but it would also have been a sufficient corroboration of the witness to bring the case within the requirements of the statute; for, although she would not have been corroborated in respect to the use of the instrument, she would have been corroborated as to the criminal intent, which is of the essence of the crime. The statute does not require that she should be corroborated in respect to every material fact, but only in respect to some of the material facts which constitute a necessary element in the crime alleged. An essential element in the crime is a criminal intent on the part of the defendant; and any testimony, in addition to that of the witness, Locke, tending to show such intent, would be a sufficient corroboration of her testimony to bring the case within the statute, even though she might not be corroborated in respect to the particular method employed to produce the abortion. We might illustrate this proposition by numerous examples, but one will suffice. If the charge was that the attempt was made to produce abortion by the use of a particular drug, and if the charge was

fully sustained by the testimony of the woman on whom the attempt was made, proof that the defendant, about that date, purchased another drug, usually employed for that purpose, with the avowed intention of using it to procure an abortion on the witness, would fully corroborate her as to the criminal intent, and would be a sufficient corroboration to support a conviction, notwithstanding the variance in the testimony as to the particular drug which was employed. If, therefore, on another trial of this case there shall be corroborating evidence tending to show that the defendant attempted to procure an abortion, *by any method,* on the person of the witness, Locke, and if the jury, on the whole evidence, including that of Locke, shall believe the defendant to be guilty of the offense charged in the indictment, it will be their duty to convict him. With this modification of the opinion already delivered in the case, the judgment heretofore announced will stand as the judgment of the Court; and it is ordered that the remittitur issue forthwith.

WALLACE, J., expressed no opinion.