No. 2,446.

THE PEOPLE OF THE STATE OF CALIFORNIA, RESPONDENTS, *v.* CHARLES MELVANE, APPELLANT.

EVIDENCE OF AN ACCOMPLICE.—To justify a conviction upon the testimony of an accomplice there must be some evidence which, of itself, and without the testimony of the accomplice, must tend, in some degree, to connect the accused with the commission of the crime.

IDEM.—POSSESSION OF STOLEN PROPERTY.—Proof that part of the stolen property was found on the next day after the theft, on the person of the accused, is such corroborating evidence as may warrant a conviction upon the further testimony of an accomplice.

PROOF OF THE CONVICTION OF A WITNESS OF AN INFAMOUS OFFENSE.—It is not competent to prove by parol the conviction of a witness of an infamous offense, in order to discredit his testimony. The record of the conviction is the best evidence.

PRACTICE.—When the same evidence has been several times objected to and ruled out by the Court, there is no need to repeat the objection on every repetition of the question. The objection may be treated as continuing, unless something occurs to show that it is waived.

APPEAL from the County Court of Sonoma County.

The appellant was tried and convicted in the Court below of the crime of burglary, and from the judgment and order denying him a new trial he appeals to this Court.

The other facts are stated in the opinion.

*J. T. Hardin* and *Wm. McCullough*, for Appellant, filed no brief.

*Jo Hamilton*, Attorney General, for Respondents.

*First*—The position insisted on by defendant's counsel, that the jury must be satisfied that the breaking and entry were actually made by the defendant in person is not law. (Hittell's Dig. Sec. 11; *People* v. *Davidson*, 5 Cal. 133; *People* v. *Bearss*, 10 *Id.* 68.)

*Second*—It is contended that there is no testimony except that of the accomplice, connecting defendant with the commission of the offense. Conclusive testimony is not required, but connections of even a slight character have been held to be sufficient. (Hittell's Dig. Vol. I, Art. 1962; *Queen* v. *Wilkes and Edwards*, 32 E. C. L. R. 507; *Queen* v. *Fowler*, 24 *Id.* 314–15; *Queen* v. *Dyke*, 34 *Id.* 381; Wharton's Am. Cr. Law, 366; 1 Phil. on Ev. 37–8–9.)

*Third*—The Criminal Practice Act leaves the mode of impeachment in criminal cases as it was left by the common law. The ruling of the Court below was therefore correct, and the mode of examination attempted by appellant's attorneys was not warranted, and the objection was properly sustained.

*Fourth*—The indictment charges the defendant in the statutory language and was therefore correct. (*People* v. *Rodriguez*, 10 Cal. 50; *People* v. *Thompson*, 4 *Id.* 238; *People* v. *Martin*, 32 *Id.* 91; *People* v. *Cronin*, 34 *Id.* 191; *People* v. *White*, *Id.* 183; *People* v. *Davies*, 14 *Id.* 29; *People* v. *Olivera*, 7 *Id.* 453; *People* v. *Frank*, 28 *Id.* 507.)

CROCKETT, J., delivered the opinion of the Court:

There are but two questions arising on this appeal, to wit: First—Whether or not there was sufficient corroboration of the testimony of the accomplice to justify a conviction of the accused? and, Second—Whether the Court erred in permitting the witness, Dade, to testify, notwithstanding the objection of the defendant?

In the case of the *People* v. *Ames*, (39 Cal. 403), we had occasion to construe Section 375 of the Criminal Practice Act, which provides that " a conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense; and the corroboration shall not be sufficient if it merely show the commission of the offense or the circumstances thereof." We held that the corroborating evidence, *of itself*, and without the aid of the testimony of the accomplice, must tend in some degree to connect the defendant with the commission of the crime in order to justify a conviction. We see no reason to be dissatisfied with this construction of the statute, and we proceed to inquire whether this case comes within the rule.

The defendant was indicted for burglary, and it was proved that at the time of the burglary there was stolen from the premises a quantity of gold and silver coin, amounting in the

aggregate to $313; among which were four $20 gold pieces, an Australian sovereign, and a $3 gold piece, considerably worn. It was proved that the defendant was arrested on the day after the burglary, and that there was found on his person $250 50 in gold and silver coin, amongst which were four $20 gold pieces, an Australian sovereign and a $3 gold piece. The person whose premises were robbed testified that he recognized the Australian sovereign as the one which had been stolen from him; that there was a slight mark or scratch upon it, by which he recognized it; that there were comparatively but few Australian sovereigns in circulation in this State. He also testified that from the worn appearance of the three dollar gold piece found on the defendant he thought it was the same which had been stolen from him, though he was unable to identify it by any mark upon it. We think this proof tended in some degree to connect the defendant with the burglary. The weight to be given to the testimony was for the jury to decide; but when money is stolen, proof that a part of it, on the following day, was found on the person of another in the vicinity, certainly tends, when not satisfactorily explained, to raise a presumption that he is the guilty party; and if an explanation is attempted by the accused, it is for the jury to judge of its truth and plausibility. The corroborating evidence may be slight, and entitled to but little consideration; nevertheless, the requirements of the statute are fulfilled if there be *any* corroborating evidence which, *of itself*, tends to connect the accused with the commission of the offense.

When the accomplice, Dade, was offered as a witness, the defense objected to his competency, on the ground that he was a convicted felon, and, therefore, infamous. To establish this fact, he was asked whether or not he had been convicted of any infamous or felonious crime, for which he had been confined in the State Prison? The prosecution objected to the question on the ground that "this is not the proper way to prove such incompetency." The objection was sustained, and he was then asked by the counsel for the defense whether he had been incarcerated in the State Prison of this State from a Court of competent jurisdiction, and

not pardoned by the Governor? This was objected to, and the objection sustained by the Court. He was then asked whether he had not been three times convicted and incarcerated in the State Prison, and not pardoned by the Governor, for various felonious crimes, and served out his terms without having been pardoned? The witness bowed his head in assent; and thereupon the defense renewed the objection to his competency; but the Court overruled the objection, and permitted the witness to be sworn in chief. The Court was, clearly, right in holding that the conviction of the witness of an infamous crime could not be proved by parol, if that character of proof was objected to, as it appears to have been, by the prosecution. The record of the conviction was the best evidence of it, and it was not competent to prove it by parol against the objection of the prosecution. (*People* v. *Reinhart,* 39 Cal. 449–50.) The Court having twice excluded the evidence, and the question having been substantially repeated for the third time, and the witness having bowed his head in assent, it may be before there was time to interpose an objection already twice sustained by the Court, we think the Court properly treated the question and objected to the answer, as incompetent evidence. When the same evidence has been several times objected to and ruled out by the Court, there is no need to repeat the objection on every repetition of the question. The Court may properly treat the objection as continuing on every repetition of the question, unless something transpires to show that it is waived. No waiver appears in this case, and we think the Court committed no error in this respect.

Judgment affirmed.