TERRITORY, respondent, *v.* MAHAFFEY, appellant.

CRIMINAL LAW — *evidence to prove sodomy* — *corroboration of an accomplice.*
Upon the trial of A. indicted for committing the crime of sodomy with B. in Deer Lodge, on November 9, 1877, B. testified to the commission of the offense by A. with him on November 9, 1877, at Deer Lodge, and also on other days before this date. The officer who arrested A. testified that he informed him he had

been arrested on the complaint of B., and that A. then said it would be one of the most interesting cases ever in court, and that B. was a boy prostitute.    A brother of B. testified that A. came to his house about a mile from Deer Lodge, on the afternoon of November 9, 1877, and wanted B. to go to Deer Lodge to get wages which A. owed him, and that B. went away with A. and did not return until the next day.   The clerk of a hotel in Deer Lodge testified that A. and B. went to bed in a room which he showed them, November 9, 1877.   A. testified in his defense that he paid B. what he owed him, November 9, 1877 ; that they slept together at the said hotel ; that he paid for the bed, and that he had nothing to do with B. of a criminal nature.   *Held*, that the testimony for the Territory was properly submitted to the jury to prove the offense.   *Held*, also, that B. was an accomplice, and that his testimony was corroborated by other evidence tending to connect A. with the commission of the offense, or the circumstances thereof.

*Appeal from Second District, Deer Lodge County.*

THIS action was tried before KNOWLES, J.

J. C. ROBINSON, for appellant.

The court erred in permitting B. to testify to acts similar to that charged, committed prior to November 9, 1877, as they would constitute a separate crime.    3 Greenl. Ev., § 13 ;  Roscoe's Crim. Ev., § 81 ;  1  Arch. Crim. Pr. 393 *et seq. ;*  Whart. Crim. Law, §§ 635, 647–650.

In this offense it is not necessary to prove any intent other than what the law infers from the act itself.   Proof of other crimes than that on trial is confined to the cases where it is necessary to show a specific intent.

B., having consented to the offense, was an accomplice.   The evidence of C., Smith and Hyde, did not, in the least, tend to corroborate B., as required by law.    Crim. Pr. Act, § 316 ; *People* v. *Josselyn*, 39 Cal. 393 ; *People* v. *Ames*, id. 403 ; *People* v. *Melvane*, id. 614.

If evidence of a distinct offense is admitted, it could only be to show intent, and this should be under instructions limiting it to such purpose.

A. E. MAYHEW, district attorney, second district, for respondent.

The testimony of B. was properly admitted to show the guilty

intent of appellant.    There is a distinction between this and other criminal cases.    3 Greenl. Ev., §§ 14–18.

Where there is testimony showing the commission of an offense, and that the party charged was the person who committed the crime, this is such a corroboration of an accomplice as will warrant a jury in finding defendant guilty.    1 Phil. Ev. 106–111 ; Roscoe's Crim. Ev. 120–124; 2 Stark. Ev., §§ 10–12; 1 Greenl. Ev., §§ 379–381.

BLAKE, J.    The appellant has been convicted of the offense which is described in the statutes as " the infamous crime against nature either with man or beast."    Cod. Sts. 277, § 47.    The court below overruled the motion for a new trial, and we are required to review the testimony to determine the questions before us.    The indictment alleges that the offense was committed " on or about the 9th day of November, A. D. 1877," at Deer Lodge, with B.*

B., a boy fourteen years of age, testified that the appellant committed the offense with his consent, at the Scott House, in Deer Lodge, on the night of November 9, 1877.    Against the objection of the appellant, the witness then testified that the appellant had, on various occasions, committed this offense with him at the appellant's ranch, about seven miles from Deer Lodge before said date; and that the appellant called him a boy prostitute and threatened to put him in the penitentiary.

Against the objection of the appellant, L. P. Smith, a deputy sheriff, testified that he arrested the appellant and did not tell him what offense he was charged with; that on the way to the jail, the appellant stated he did not see what C.* wanted him arrested for ; that witness said it was not C., but that he had been arrested on the complaint of B., and that he could judge what it was for ; and that the appellant then said it would be one of the most interesting cases ever in court, and that B. was a boy prostitute.

C. testified that he was a brother of B. ; that the appellant came to his house about a mile from Deer Lodge on the after-

*The name of the witness is omitted in this report.—B.

noon of November 9, 1877, and wanted B. to go to his ranch and work for him; that he objected because he wanted B. to go to school; that the appellant then wanted B. to go with him to Deer Lodge to get what the appellant owed him for work; and that B. went away with the appellant and did not return until the next day.

Frank Hyde testified that he was a clerk at said Scott House, November 9, 1877, and that the appellant and B. went to bed there in a room which he showed them, about eight o'clock.

The appellant testified in his own behalf that he went to C.'s house to hire B., and that he got him to come to Deer Lodge to get his pay; that, after paying him, they went to the Scott House and slept together, November 9, 1877; that they went to bed about eight o'clock, and that the appellant paid for the bed and had nothing to do with the boy as testified to by B.

The appellant contends that the court below erred in permitting B. to testify to the commission of the offense prior to November 9, 1877, on various occasions, on the ground that these acts constitute separate crimes, and that it was unnecessary to prove any intent except that which would be inferred by law from the act. In *Commonwealth* v. *Snow*, 111 Mass. 411, which was a case of the same character as that at bar, Smith, with whom Snow committed the offense, testified not only to the acts committed at the time charged in the indictment, but also to other acts of the same nature. In *Commonwealth* v. *Nichols*, 114 Mass. 285, the court held that, upon the trial of an indictment for adultery, evidence of other acts of adultery committed by the parties, near the time alleged, in another county of the State, is admissible to support the charge in the indictment. *Thayer* v. *Thayer*, 101 Mass. 111. "When an act of adultery is attempted to be shown as committed at a particular time, acts of improper familiarity with the same *particeps criminis* at an anterior time are admissible." 2 Bish. Crim. Pr., § 17, and cases there cited. These authorities aid us in arriving at a correct conclusion. The rights of the appellant were protected by the court, and the jury were instructed that the appellant could not be convicted unless they found from the evidence that he committed the offense in

Deer Lodge, on or about November 9, 1877. We think that the evidence was properly submitted to the jury.

The appellant claims that the jury were not instructed correctly on the weight of the evidence of B. The instruction of the court follows the statute, which is in these words :

"A conviction cannot be had on the testimony of an accomplice, unless he be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense or the circumstances thereof." Crim. Pr. Act, § 316. Under another instruction, the jury would be compelled to find that B. was an accomplice, a fact which is conceded by counsel.

The last ground on which the appellant asks for a new trial is that the evidence of C., Smith and Hyde does not corroborate the testimony of the accomplice, B., within the meaning of the statute. Upon this subject the case of *Commonwealth* v. *Snow*, *supra*, is directly in point. No witness testified that he saw Smith in the building where Snow committed the offense. It appears from the testimony that an outside door was locked at a time when it was usually open ; that Smith heard a conversation between Snow and Mrs. Morse ; that Mrs. Morse testified to the same conversation but did not see Smith ; that Smith took poison afterward and that Snow on three occasions inquired of a physician if Smith had told why he took the poison ; and that Emerson testified that Snow, one week after the commission of the offense charged in the indictment, attempted to commit the same offense with him, and said it would not hurt him and that he had done it with other boys. The court held that this testimony regarding the condition of the outer door, the inquiries of the physician, and the conversation with Emerson furnished some corroboration to that of Smith, and that the jury were justified in finding Snow guilty. In the case at bar, the appellant, after failing in his attempt to hire B., induced him, for the ostensible purpose of paying his wages, to go to Deer Lodge, and remain at the hotel in the same bed during the night, when B. was only one mile from his home. The testimony of L. P. Smith may be treated as a corroboration of B. and an admission by the appellant. We think it must be governed by the same rule, which was applied

to the evidence of Emerson in *Commonwealth* v. *Snow, supra*, concerning which Mr. Justice WELLS says : "Any confession or conduct of his (Snow) which has any tendency to show that he is guilty of this particular charge is admissible. The court must see that it may thus affect the defendant ; it is then for the jury to determine whether it does so affect him in fact, and to what extent. To render a confession or declaration admissible for the consideration of the jury, it is not necessary that it should be minute or explicit in its reference to the subject-matter. It cannot be excluded because  *  *  *  it is so general or indefinite as to be applicable to other occurrences than the one under investigation, as well as to that.  *  *  *  But if it may refer to that which is on trial, its indefiniteness or remoteness affects its weight only and not its admissibility." The statement of the appellant to L. P. Smith that B. was a boy prostitute was applicable to the offense for the commission of which the appellant was on trial, and the jury were properly instructed respecting their duty in considering it. There is no error in the record.

The cases in the California reports, which are relied on by the appellant, relate to crimes that are not the same as that under investigation, and some of them have been decided under the statutes of the State. In *People* v. *Josselyn*, 39 Cal. 393, the court holds that where the only evidence is the testimony of the woman on whom the attempt to produce an abortion was made, it must be corroborated in some material facts which constitute a necessary element of the crime. But the 45th section of the act concerning crimes and punishments defines the offense of which Josselyn was accused, and provides that a physician shall not be convicted of this offense " by the testimony of such woman alone." Josselyn was a physician and the court held that " such woman " had not been corroborated on a vital point in the case.

The necessity of protecting physicians in discharging the duties of their profession caused the passage of this act, and the court enforced it.

In *People* v. *Ames*, 39 Cal. 403, Ames was convicted of the crime of robbery. In *People* v. *Melvane*, 39 Cal. 614, Melvane was convicted of the crime of burglary. These cases were deter-

mined by the interpretation of the 375th section of the Criminal Practice Act, which contains the following clause that is not found in the laws of this Territory: "And the corroboration shall not be sufficient if it merely show the commission of the offense or the circumstances thereof." The court held that " the corroborating evidence, *of itself*, and without the aid of the testimony of the accomplice, must tend in some degree to connect the defendant with the commission of the crime in order to justify a conviction." *People* v. *Melvane, supra.* The court below did not err in refusing to give the instructions requested by the appellant, that were based upon these decisions.

*Judgment affirmed.*