## PEOPLE v. LARSEN.

### No. 20,991; October 10, 1893.

#### 34 Pac. 514.

**Robbery—Evidence of Accomplice—Corroboration.**—Where the only evidence to convict defendant of a robbery is that of an accomplice, who testifies that defendant planned the robbery and received part of the proceeds, and that of two witnesses, that they had seen defendant and the accomplice together on two occasions before the robbery, there is no such corroboration of the evidence of the accomplice, as required by Penal Code, section 1111, as to justify conviction.

APPEAL from Superior Court, Fresno County; S. A. Holmes, Judge.

Albert Larsen was convicted of robbery and appeals. Reversed.

Frank H. Short and G. C. Freeman for appellant; Attorney General Hart for the people.

VANCLIEF, C.—The defendant and George Green were, by information, jointly accused of the crime of robbery. They demanded separate trials, and upon the separate trial of the defendant the jury returned a verdict of guilty, recommending defendant to the mercy of the court. Thereupon the court sentenced him to imprisonment in the state prison for the term of forty years. He appeals from the judgment and from an order denying his motion for a new trial.

The principal point upon which appellant relies for a reversal of the judgment is that the only evidence tending to connect him with the commission of the crime was the testimony of an accomplice—one Cliff Ragan—whose testimony was not corroborated as required by section 1111 of the Penal Code, which reads as follows: "A conviction cannot be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself, and without aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense or the circumstances thereof." It appears that the robbery was committed at a store owned by a Chinaman named Sun Kee, about 7 o'clock in the evening of April 27, 1892. Sun Kee was absent at the time, and the store was in charge of a Chinaman named You Kam, with whom was another Chinaman, named Wong Yee. Another Chinaman, named Wong Ki, was at his cabin somewhere near the store. The three Chinamen last named testified to the effect that they had known the defendant two or three years; that he lived three or four miles from China store; that he came to the store on horseback about fifteen minutes before 7 o'clock on the evening of the robbery, while You Kam and Wong Yee were at supper, and told them that he wanted to purchase certain articles from the store; that You Kam knew he had traded at the store before and had an unsettled account there. Thereupon the two Chinamen, You Kam and Wong Yee, went with defendant from the kitchen, where they had been eating, into the store, carrying a lighted lamp with them, You Kam going behind the counter, and Wong Yee taking a seat in front of the counter. While they were in this position, two robbers armed with a pistol and a rifle—one of them masked—rushed in. The masked robber, pointing his pistol at defendant and Wong Yee, drove them into a corner; and the other pointed his rifle at You Kam, who ducked under the counter. The masked robber then backed out of the door and shot through the window at You Kam, inflicting a slight flesh wound on one of his arms. Upon being thus wounded, You Kam fell upon the floor, feigning to be dead, and did not arise until after the robbers left. Immediately after the shot was fired both robbers tied the defendant and Wong Yee together, and one robber guarded

them with a drawn pistol while the other searched the house for money and other portable things of value. This done, they led defendant and Wong Yee out to a barn, where they left them still tied together, and departed. Soon after the robbers left, You Kam untied defendant and Wong Yee. After being untied, defendant remained at the store about three-quarters of an hour and then left for his home. The robber who was not masked was recognized by the Chinaman as George Green, who was accused of the crime jointly with the defendant, and had been separately tried before the trial of the defendant, but the masked robber was not recognized by any of the Chinamen. The foregoing is the sum and substance of the testimony of the three Chinamen; and there was no other witness to the fact of the robbery, except Cliff Ragan, who testified that he was the masked robber; that Green had a mask on but it fell off; the robbery had been planned and concocted by defendant, George Green, and himself a week or two before it was committed; that the part enacted by defendant at the robbery was in accordance with their plan; and that the proceeds of the robbery were divided between defendant, Green and himself. It appears that, at the time of the trial of the defendant, Ragan was in jail on a separate charge of having participated in this robbery, and also on a charge of an assault to murder, and on the trial of defendant he testified that he had served one term in the state prison for a felony, of which he was convicted in 1888; that his reason for confessing his guilt of the crime of robbery in this case was to get through with it and get off lighter, if he could; that the district attorney had told him that it would be easier on him if he told all he knew about it, and he might get off with two or three years, though the district attorney said he had no control over the amount of the punishment, which depended entirely upon the court. Darwin Lewis testified that he had seen defendant Green and Ragan together in defendant's corral near his house, about a week or fifteen days before the robbery, where they were castrating colts. William Downey testified that, about noon on the day of the robbery, he saw defendant and George Green in the town of Raymond, some two or three miles from the residence of defendant—first saw them tying their horses in front of his store; did not know they came together;

Green came into witness' store and bought some cartridges; defendant did not enter his store. James Downey saw Green in Raymond in the afternoon of the same day, but does not say he saw defendant on that day. The foregoing is the substance of all the evidence on the part of the prosecution, and no evidence was introduced by defendant.

We think that, without aid from the testimony of Ragan, the other evidence did not tend to connect the defendant with the commission of the robbery, and therefore did not sufficiently corroborate the accomplice: People v. Thompson, 50 Cal. 480; People v. Ames, 39 Cal. 403. No brief appears to have been filed on the part of the people in this case, but we understand that the attorney general submitted this case on his brief in the case of People v. Green, 99 Cal. 564, 34 Pac. 231. We have examined that brief, but find in it no attempt to answer the point above considered. I think the judgment and order should be reversed and the cause remanded.

We concur: Searls, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are reversed and the cause remanded.