## THE PEOPLE *v.* DE JESÚS.

### APPEAL from the District Court of San Juan, Section 2.

No. 438.—Decided June 24, 1912.

CRIMINAL LAW—RAPE—AGE OF VICTIM OF RAPE—EVIDENCE—OBJECTION—WAIVER OF EVIDENCE.—A defendant who allows the introduction of parol evidence to establish the age of the victim without objection waives the introduction of any better evidence that may exist and it is therefore unnecessary for this court to decide in this case whether the certificate of birth from the civil register is the best evidence to establish said age.

ID.—EVIDENCE—OBJECTION.—A court may consider any kind of evidence which may be introduced without objection on the part of the adverse party.

ID.—TESTIMONY OF VICTIM OF RAPE—CORROBORATION OF EVIDENCE.—In accordance with section 250 of the Code of Criminal Procedure, as amended by an Act of March 11, 1909, it is a requisite in cases of rape that the testimony of the victim be corroborated.

ID.—CORROBORATION OF TESTIMONY.—In order that testimony may be deemed corroborated it is unnecessary to corroborate all of its points, but it is sufficient to corroborate some of the details thereof tending to connect the defendant with the crime charged against him.

ID.—CONFESSION OF DEFENDANT—CORROBORATION OF TESTIMONY—EVIDENCE.—The confession of the defendant of the crime of rape charged against him is not only a corroboration of the testimony of the victim, but constitutes in itself sufficient evidence of the crime.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellant.

*Mr. Charles E. Foote, Fiscal,* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

Appellant, Concepción de Jesús, was charged in the District Court of San Juan, Section 2, with the crime of rape, perpetrated on August 6, 1910, upon a girl under 14 years of age, named Amalia de Jesús.

The defendant pleaded not guilty to the charge and the trial was held by jury which convicted him of the crime, and a motion for a new trial made by defendant having been denied he was sentenced to five years in the penitentiary at hard labor, from which judgment and order refusing a new trial an appeal was taken to this Supreme Court.

The reasons assigned by appellant for the reversal of the judgment are two: (1) That the age of the victim was not proved according to law; (2) that the commission of the criminal act charged to the defendant was not proved. These two reasons served also as a ground for the motion for a new trial.

Appellant contends that the manner of proving the age of the victim is by the certificate of birth from the civil registry, and only when this evidence is lacking can other evidence be admitted; wherefore he comes to the conclusion that the age of the girl was not proved according to law, and that that is a sufficient ground to reverse the judgment and order a new trial.

The only evidence introduced relative to the age of Amalia de Jesús was her own testimony given at the trial, where she testified that she was 13 years old, and the testimony of her father, who testified that when the storm of San Ciriaco took place his child was 3 or 4 months old.

It is useless for us to discuss and decide now whether the best evidence of the age of a person is the certificate of birth issued from the books of the civil registry, inasmuch as the defendant did not make any objections to the testimony of said witnesses with reference to the age, and the testimony of witnesses is one of the means of proving the age of a person.

If the defendant had objected to said questions on the

ground that the certificate of the civil registry as the best evidence should have been introduced, then it would be for us to decide that question; but no objection having been interposed to said questions, the defendant waived his right to the introduction of the best class of evidence, and having accepted said questions he impliedly accepted the proof of the age by the testimony of witnesses.

In the case of *Falero* v. *Falero,* 15 P. R. R., 11, this question was discussed at length, and the conclusion was reached that the court can consider any kind of evidence which may be introduced without the objection of the adverse party. See also the case of *Pérez* v. *The Yabucoa Sugar Co.,* 15 P. R. R., 200.

With reference to the manner in which the father testified, by taking judicial notice of the fact that the storm of San Ciriaco took place in this Island on August 8, 1899, we come to the conclusion that the victim was 11 or 12 years old on August 6, 1910, the date of the commission of the crime alleged in the complaint.

The second assignment of errors is based upon the ground that the testimony of the victim was not corroborated, as required by section 250 of the Code of Criminal Procedure, as amended by law of March 11, 1909.

Said amendment requires that the testimony of the victim in cases of rape should be corroborated, and therefore we examine the evidence in order to determine whether said requirement of law has been complied with.

From the statement of the case contained in the record of appeal it appears that the proof presented by the prosecution was the only evidence introduced at the trial and the same consisted of the testimony of witnesses who testified substantially as follows:

Dr. Manuel Fossas testified that on August 8, 1910, he examined the sexual organs of Amalia de Jesús and found that she had had sexual intercourse, but he could not state whether the act was committed with or without her consent,

although the act would require some force, as the girl was very young and had not reached the age of puberty.

Saturnino de Jesús testified that he was the father of said girl, who was 3 or 4 months old when the storm of San Ciriaco took place; that the day of the commission of the crime the girl remained alone in his house; and that the defendant was not accustomed to frequent the home of the declarant.

Amalia de Jesús testified that she was 13 years old and was living with her father in Cataño; that she was acquainted with the defendant, who, on August 6, about 1 o'clock in the afternoon, passed by her house driving a carriage, and asked her for some water, which she gave him; and afterwards the defendant put the glass on the floor and seizing her by the arm threw her on a cot and pulling his trousers down had sexual intercourse with her; she screamed, and Pablo Meléndez arrived and found her crying and took her to the police station; that the defendant threatened her, and introduced a handkerchief into her mouth.

Pablo Meléndez testified that one day in the month of August he arrived in his boat, tied it near the house of Amalia de Jesús, when a boy told him that there was a girl in said house bleeding from her sexual organs, and declarant went there and asked her what was the matter, to which she replied that a coachman had introduced a handkerchief into her mouth; and that he found the girl cleaning herself when he arrived at her house.

The witness, Julio María Izquierdo, in charge of the Insular police post at Cataño, who is acquainted with the accused, stated that the defendant, in reply to questions, confessed to him that he had committed the crime of rape.

Justino Ortiz, also an Insular policeman, was present when the defendant, without any threats or inducements, made the statement in the police station that it was true, and he did not know why he had done it; and that he was willing to marry the girl.

In order to corroborate testimony it is not necessary that all the particulars of the same be corroborated, it being sufficient that some details tending to connect the defendant with the crime charged be corroborated. *The People* v. *Maldonado,* 17 P. R. R., 22.

In the case at bar, as may be seen from the examination made by us of the testimony of the witnesses, the testimony of the offended girl does not lack corroboration. The testimony of Dr. Fossas shows that she had been abused recently, which particular has also been corroborated by Pablo Meléndez, and the testimony of the two policemen connect the defendant with the crime because they establish his confession of the crime charged to him. According to said policemen, in reply to questions put by one of them and without any threats or inducements, the defendant confessed the crime and stated that he was willing to make reparation by marriage, and such confession is not only a corroboration of the testimony of the girl, but is by itself sufficient proof of the crime. *The People* v. *Alméstico,* decided May 2, 1912; *State* v. *Forsythe* (Va.), 68 N. Y., 446; *People* v. *Josselyn,* 39 Cal., 400.

For these reasons the judgment should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.