[Criminal No. 319.   Filed November 2, 1912.]

[127 Pac. 731.]

# DAN A. REYNOLDS, Appellant, v. STATE OF ARIZONA, Respondent.

1. CRIMINAL LAW—ACCOMPLICE TESTIMONY—CORROBORATION—STATUTES. Penal Code of 1901, section 938, provides that a conviction cannot be had on the testimony of an accomplice alone unless he is corroborated by other evidence, which, in itself, and without the aid of the testimony of the accomplice, tends to connect accused with the commission of the offense, and that the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof. *Held*, that the purpose of the statute was to prohibit a conviction, unless there was some evidence entirely exclusive of that of the accomplice tending, at least in a slight degree, to implicate accused and show his guilt.

2. CRIMINAL LAW — EVIDENCE — CORROBORATION OF ACCOMPLICE.—In a prosecution for burglary, evidence of the prosecuting witness that, immediately prior to the time she left the house which was burglarized at about 8:30 P. M., she saw the backs of two men standing in front of her door, one a little taller than the other, and evidence of her escort that, when prosecutrix and himself went out of the house, he saw two men who were ordinary sized, was insufficient to connect anyone with the commission of the offense so as to support the testimony of an accomplice that accused was one of the men that committed the offense.

3. CRIMINAL LAW—TESTIMONY OF ACCOMPLICE—CORROBORATION—DIRECTION OF VERDICT.—Where there is no evidence other than that of an accomplice tending to connect accused with the commission of the offense charged, it is the duty of the court to direct an acquittal.

APPEAL from a judgment of the Superior Court of the County of Pima. W. F. Cooper, Judge. Reversed and remanded.

STATEMENT OF FACTS BY THE COURT.

The appellant was jointly indicted with Tom Lowe, charging them with burglary in the first degree, and, on appellant's motion, was separately tried and convicted as charged, and was sentenced to serve fifteen years in prison. A motion for a new trial was made upon the grounds of the absence of a material witness; that the verdict is contrary to law; that the verdict is not supported by the evidence; and other grounds. This motion was denied. From which order and from the judgment, the defendant appeals. He has filed no brief nor assignment of errors, and the cause is pending on the record.

No appearance for Appellant.

Mr. G. P. Bullard, Attorney General, for Respondent.

CUNNINGHAM, J.—The court, after defining who are accomplices in the commission of an offense, and in the words of paragraph 938, Penal Code, charged: "A conviction cannot be had on the testimony of an accomplice alone, unless he is corroborated by other evidence, which, in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

Judge Crocket, speaking for the court in *People* v. *Ames*, 39 Cal. 403, in construing section 375, Criminal Practice Act of California, said: "The corroborating evidence must, of itself, and without the aid of the testimony of the accomplice, tend, in some degree, to connect the defendant with the commission of the offense. It need not, of course, be sufficient to establish his guilt; for, in that event, the testimony of the accomplice would not be needed. But it must tend, in some slight degree at least, to implicate the defendant. The purpose of the statutes was to prohibit a conviction, unless there was some evidence, entirely exclusive of that of the accomplice, which, of itself, and without the aid of the accomplice, tended to raise at least a suspicion of the guilt of the accused."

It will be noticed that the only difference that appears in the Arizona statute from the California statute are the words "alone," "which, in itself, and without the aid of the testimony of the accomplice," are supplied from the above opinion. Without doubt, paragraph 938, *supra*, was adopted from California with the construction placed upon it prior to its adoption.

Laying the testimony of Lowe, the accomplice, entirely out of view, then, was there any evidence whatever "in itself" which "tends to connect the defendant with the commission of the offense"? The evidence of the prosecuting witness, Walker, is to the effect that, immediately prior to the time she left the house at about 8:30 P. M., she saw two men standing right in front of her door on the edge of the sidewalk. She saw their backs; one was a little taller than the other. They were medium-sized men. She did not see their faces. They were standing about four feet apart and talking. When witness and her escort, Mr. Johnson, went down the street, the two men followed behind. A brief statement of the testimony of A. W. Johnson is as follows: When he and Mrs. Walker came out of the house, he saw two men, one standing against a post and the other against a tree. They were ordinary-sized men, but he could not see their features. This is all the testimony in the case tending to connect anybody with the commission of the offense of burglary at the Walker house on that night other than the testimony of the codefendant. In the Ames case, *supra*, the charge was robbery of a stage at night. At the time of the robbery, one of the robbers was addressed as "Charley," and again as "Number 3." This was testified to by the passengers who were robbed. The defendant pleaded as "Charles G. Ames." The prosecution called one indicted with Ames for the robbery as a witness, who detailed all the particulars of the robbery, and testified to the guilt of the defendant on trial. He testified that, among themselves, the defendant was usually known and addressed as "Charley," but that, in order to better elude detection, the parties engaged in the robbery were masked and designated by numbers, and that defendant was known as "Number 3." In commenting upon the nature of this evidence the court reasons thus: "The fact that one of the robbers was addressed as 'Charley,' and again as 'Number 3,'

. . . and they designated each other by numbers, no more tends, of itself, to connect the defendant with the crime than it would to raise a suspicion against any one else, . . . but if the fact that one of the robbers was addressed as 'Charley' tends to raise a suspicion against the defendant, why not against every other man in Los Angeles county who has the misfortune to have the name of 'Charles'? If one of the robbers had been addressed as 'Smith,' the same argument would prove that the whole of that numerous family would thereby have been, in some degree, implicated in the crime.'' The judgment was reversed. See, also, *People* v. *Melvane*, 39 Cal. 614.

Applying the same reasoning to this evidence, we may say that every medium-sized man in Tucson would be under suspicion of having been implicated in that burglary. The property stolen from the house at the time of the burglary was found in the possession of the accomplice, and that fact, more than any other fact, emphasizes the necessity of corroborating his testimony and the wisdom of the statutory rule.

When there is no evidence whatever, other than the testimony of the accomplice, tending to connect the defendant with the commission of the offense, the court should direct an acquittal. *People* v. *Clough*, 73 Cal. 348, 15 Pac. 5; *People* v. *Strybe*, 4 Cal. Unrep. 505, 36 Pac. 3; 12 Cyc. 455.

A failure to so instruct the jury was error. The verdict is contrary to law. The motion for a new trial should have been granted. The judgment of the court is reversed, and the cause remanded, with instructions to grant the defendant a new trial.

FRANKLIN, C. J., and ROSS, J., concur.

---

NOTE.—As to the rule that the testimony of an accomplice against the accused must be corroborated, see note in 98 Am. St. Rep. 162.

As to the necessity of cautionary instructions as to conviction on uncorroborated accomplice testimony, in jurisdictions where corroboration is not necessary, see note in 15 Ann. Cas. 699.