[Criminal No. 519.    Filed March 16, 1922.]

[205 Pac. 321.]

## BAILEY LEVERTON, Appellant, v. STATE, Respondent.

1. CRIMINAL LAW—TESTIMONY OF ACCOMPLICE HELD NOT SUFFICIENTLY CORROBORATED TO SUSTAIN CONVICTION.—Evidence that a witness, who testified he and defendant committed the larceny, had been together the day and evening before it was committed, and that the property was found near the place where the witness said they had hid it, without any evidence except testimony of that witness tending to show that either defendant or the witness participated in the larceny, *held* insufficient corroboration of the testimony of an accomplice to sustain a conviction.

2. CRIMINAL LAW — CORROBORATION OF ACCOMPLICE MUST TEND TO CONNECT DEFENDANT WITH CRIME.—Evidence which is sufficient to corroborate the testimony of an accomplice under Penal Code of

1913, section 1051, must be either direct or circumstantial evidence pointing to accused as a participr( t in the crime; it being insufficient that it merely establishes that the crime was committed.

APPEAL from a judgment of the Superior Court of the County of Apache.   Andrew S. Gibbons, Judge. Reversed.

Mr. Fred W. Nelson, for Appellant.

ROSS, C. J.—Appellant has appealed from a judgment of conviction of grand larceny.   We find in the record a paper designated, "Memorandum Submitted by Appellant," in which appellant's attorney states the conviction was had upon the uncorroborated testimony of a witness who admitted to being an accomplice to the crime.   There is no appearance for the respondent.

We have carefully read the evidence and find the suggestion made by appellant's attorney to be true. The evidence is to the effect that on the night of April 21, 1921, someone entered a tent-house belonging to Theodore Laveson and stole therefrom a Winchester rifle and three Navajo blankets, valued at $50, the property of Laveson.   Thereafter, one Jack Johnson was arrested on suspicion of having committed the crime or being a party thereto.   He thereupon informed the county attorney and sheriff of Apache county that he could take them to where the stolen property was hidden in a tree, and he and they accordingly went to the place where he said the stuff was secreted.   After some searching it was located in the vicinity of the place where Johnson represented it to be.   Johnson told the officers that he and appellant went to Laveson's house between 8:30 and 9 o'clock the night of April 21st and got the rifle and blankets and hid them in a tree some 200 yards from the tree in which they were found.   Other evidence was that

Johnson and appellant were together during the day working for the latter's father until about 5:30, when they went to John Leverton's, a brother of appellant, some two or three miles away, arriving there before night, where they had their dinner and slept for the night, going to bed about 8 or 9 o'clock. There is no evidence in the record tending to show that either Jack Johnson or the appellant had anything to do with the commission of the crime other than the testimony of Johnson. There was not offered, nor introduced in evidence, any fact or circumstance of appellant's guilt other than the uncorroborated statement of Johnson.

In *Reynolds* v. *State,* 14 Ariz. 302, 127 Pac. 731, in construing section 1051, Penal Code, it was said, quoting from a California case:

"The corroborating evidence must, of itself, and without the aid of the testimony of the accomplice, tend, in some degree, to connect the defendant with the commission of the offense. It need not, of course, be sufficient to establish his guilt, for, in that event, the testimony of the accomplice would not be needed. But it must tend, in some slight degree at least, to implicate the defendant. The purpose of the statutes was to prohibit a conviction, unless there was some evidence, entirely exclusive of that of the accomplice, which, of itself, and without the aid of the accomplice, tended to raise at least a suspicion of the guilt of the accused."

It is not enough, under section 1051, *supra,* to prove that a crime was committed and the circumstances thereof. The appellant's connection with the *corpus delicti* cannot be established by the uncorroborated testimony of the accomplice. There must be other testimony either direct or circumstantial pointing to him as a participant in the crime. 1 R. C. L. 169, § 15. The court should never have submitted the question of the appellant's guilt to the jury upon the evidence

in this case.    His conviction was clearly unsupported by the evidence.

The judgment is reversed and the case remanded, with directions that same be dismissed.

McALISTER and FLANIGAN, JJ., concur.