[Criminal No. 523.   Filed March 16, 1922.]

[205 Pac. 322.]

## O. F. JENKINS, Appellant, v. STATE, Respondent.

1. INTOXICATING LIQUORS—PROOF NEED NOT CORRESPOND WITH ALLEGA-
   TION NAME OF LIQUOR WAS UNKNOWN.—Where the information
   alleged that the true name of the intoxicating liquor manu-
   factured by defendant was unknown to the county attorney, it
   was not necessary that the proof should correspond to that allega-
   tion.

2. INTOXICATING LIQUORS — EVIDENCE HELD TO SUSTAIN ALLEGATION
   NAME OF LIQUOR WAS UNKNOWN.—Testimony of various witnesses
   describing the liquor manufactured as "white mule," "moonshine,"
   "hootch," and "whiskey," does not show that the true name of the
   liquor was known to the county attorney contrary to the allegation
   of the information that it was unknown.

3. CRIMINAL LAW—VARIANCE FROM ALLEGATION NAME OF LIQUOR WAS
   UNKNOWN HELD NOT REVERSIBLE ERROR UNDER INDICTMENT, STAT-
   UTE, AND CONSTITUTIONAL PROVISION.—A variance between the
   allegation that name of the liquor was unknown to the county at-
   torney and proof that it was known was not prejudicial, where the
   liquor was described as "intoxicating liquor," so that it does not
   require reversal under Penal Code of 1913, section 944, requiring
   disregard of immaterial defect in the form of an indictment or
   information, and Constitution, article 6, section 22, prohibiting
   reversal for technical error when it appears substantial justice
   has been done.

4. CRIMINAL LAW—CORROBORATION OF ACCOMPLICE MUST TEND TO CON-
   NECT DEFENDANT WITH OFFENSE.—The corroboration of the testi-
   mony of an accomplice which is sufficient to sustain a conviction
   must, under Penal Code of 1913, section 1051, tend to connect the
   defendant with the commission of the offense.

5. CRIMINAL LAW — STATEMENT OF ACCUSED EXCULPATING OTHERS HELD NOT A CONFESSION AND INSUFFICIENT TO CORROBORATE ACCOMPLICE.—Where the officers arrested defendant and the accomplice who testified against him and threatened to arrest two others who lived near the still at which the whiskey was manufactured, a request by defendant not to arrest those others because they had nothing to do with it was not a confession of guilt by accused and was not sufficient alone to corroborate the testimony of the accomplice.

APPEAL from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Reversed and case remanded, with directions to dismiss.

Mr. S. B. Pugh, for Appellant.

Mr. W. J. Galbraith, Attorney General, and Mr. R. E. L. Shepherd, County Attorney, for the State.

ROSS, C. J.—From a judgment of conviction of manufacturing or causing to be manufactured intoxicating liquors, appellant prosecutes this appeal.

The information alleged that the true name of the liquor being manufactured was to the county attorney unknown. It is claimed by the appellant that the evidence on the trial showed that the county attorney had full knowledge of the true name of the liquor at the time the information was filed against him, and that appellant's motion for a directed verdict on account of the variance between the proof and the allegations should have been granted. If it be that the proof and the allegations must correspond in the respect mentioned, which we do not believe to be the law, the evidence as disclosed in the record fails to show that the county attorney had full knowledge of the kind of liquor appellant was charged with having manufactured. The witnesses described the liquor by various

5. Competency and sufficiency of evidence to corroborate accomplice, note, 98 Am. St. Rep. 165.

names, such as "white mule," "moonshine," "hootch," and "whiskey." It is doubtful if any witness could have stated exactly what the liquor was. It was, of course, illicit stuff, and it might have required the analysis of an expert to give it a proper classification among intoxicating drinks. At all events, we cannot conceive how a defendant could be prejudiced in a case of this kind, if the manufactured article is described by its generic term "intoxicating liquors," as was done in this case. In other words, the variance, if any, would be immaterial. It is provided by section 944 of the Penal Code that any defect or imperfection in the matter of form of an indictment or information which does not tend to the prejudice of the substantial right of defendant should be disregarded, and the Constitution (section 22, art. 6) provides that—

"No cause shall be reversed for technical error in pleading or proceedings when upon the whole case it shall appear that substantial justice has been done."

These provisions were incorporated in our laws for some purpose, and, if we cannot give them effect in a case of this kind, it would be difficult to imagine one where they would be applicable.

It is next complained that there was no testimony connecting appellant with the commission of the alleged offense except the uncorroborated testimony of one Dave Faulkner, who admitted that he was in the business of manufacturing the intoxicating liquors in question. Faulkner admitted to being the owner of the illicit plant and to the making of the intoxicating drink. It is the contention of appellant that he is not otherwise identified with the commission of the offense than by the testimony of Faulkner, confessedly guilty of the offense charged. If that contention be right, under section 1051 of the Penal Code, and the decisions of this court, the conviction should not be

permitted to stand. *Reynolds* v. *State*, 14 Ariz. 303, 127 Pac. 731; *Leverton* v. *State, ante,* p. 482, 205 Pac. 321. It is not enough to prove a crime has been committed and the circumstances thereof. The party charged with its commission must be shown to have had something to do with the commission of the crime by evidence other than the testimony of an accomplice. The Attorney General, with commendable frankness, in his brief says: " . . . We are forced to admit that the corroboration is very slight." Within about 300 yards of the still were three houses, one of which was occupied by Faulkner, one by appellant, and another by an old gentleman by the name of Gillespie, his son, and a "young returned soldier." Faulkner and appellant were arrested while it was yet dark. One of the arresting officers took the appellant to one side and said to him:

"There is five men here. Are they all in on this still? I don't want to miss the guilty men, and I will take them all in rather than to miss them."

To this statement defendant said:

"For God's sake! Don't take this old man and these boys! They haven't got anything to do with it. They just came up here a day ago."

When appellant made this statement he was already under arrest. If his protest, against the taking of the old gentleman and the two boys to town, was a confession or admission that he was not innocent, it may be said that there was some corroboration of Faulkner's testimony. But we think his statement, under the circumstances, was not inconsistent with his own innocence and was not an admission that he had participated in the commission of the offense of manufacturing intoxicating liquors. To say that because a party in his position had the temerity to speak up in defense of an old man and two boys whom he knew to be innocent and protest against their unlaw-

ful arrest was a confession of his guilt would be rather straining the situation in order to secure a conviction. Since the conduct and language of appellant were clearly consistent with his innocence, we think they should be so construed. Indeed, the law in its mercy always indulges the presumption of innocence rather than one of guilt. At the close of the case the appellant moved for an instructed verdict upon the ground that the testimony of the accomplice was not corroborated. We think the court erred in not granting the motion.

The judgment of conviction is therefore reversed and the case remanded, with directions that it be dismissed.

McALISTER and FLANIGAN, JJ., concur.