[Criminal No. 767. Filed September 17, 1932.]

[14 Pac. (2d) 247.]

JOSE CRUZ, Appellant, v. STATE, Respondent.

Mr. Greg Garcia, for Appellant.

Mr. K. Berry Peterson, Attorney General, Mr. Riney B. Salmon, Assistant Attorney General, and Mr. Lloyd J. Andrews, County Attorney, for the State.

McALISTER, C. J.—Jose Cruz and one Henry Paz were jointly accused of the crime of manufacturing intoxicating liquor but before the trial began the latter pleaded guilty and at the trial of his co-defendant, Cruz, testified in behalf of the state. The jury returned a verdict of guilty and from a judgment and sentence pronounced thereon defendant appeals.

A still for the manufacture of intoxicating liquor was found in operation in a house occupied by Henry Paz and his wife, Leonora Paz, on lateral 18, near the Cartright School, and at the trial Henry Paz testified that the still belonged to defendant, Jose Cruz, who lived some three or four miles from them; that he was working for Cruz in its operation, and that Cruz went to the premises at different times to help him operate it and carried away the liquor after it was made. He was not there, however, when

Paz was arrested and denied any connection with or knowledge of the still or the manufacture of intoxicating liquor at that place. When asked, ''You and your wife operated the still, is that right?'' Henry Paz replied, ''Yes, he (Cruz) use to come there and help me.''

Leonora Paz testified on direct examination that defendant brought the still to the house she and her husband were living in, furnished the material from which the liquor was made and took the liquor away from there after it was manufactured. On cross-examination this occurred:

''Q. You helped your husband there around the house with the manufacturing of the liquor didn't you when Cruz was not there? A. No, I never. Q. If your husband stated so a while ago that you did, that is incorrect, is it? The Court: That she helped him? Mr. Garcia: Yes. A. I didn't help him all the time. I helped him once in a while.''

Following his conviction and the denial of his motion for a new trial defendant appealed and as ground therefor assigns three errors but only the last one is noticed in the argument. It is that the court refused to instruct the jury to return a verdict of not guilty at the conclusion of the state's case on the ground that the defendant could not be convicted upon the uncorroborated testimony of an accomplice. This motion should have been granted if there was no evidence tending to connect appellant with the commission of the offense other than that of an accomplice. Section 5055, Rev. Code 1928; *Reynolds* v. *State,* 14 Ariz. 302, 127 Pac. 731; *Leverton* v. *State,* 23 Ariz. 482, 205 Pac. 321; *Jenkins* v. *State,* 23 Ariz. 485, 205 Pac. 322.

To sustain his contention that there was no corroborating testimony appellant calls attention to the fact that there was no evidence whatever connecting him with the offense other than that of Henry Paz

and Leonora Paz and that both of these witnesses were, if their statements be true, accomplices of his in manufacturing the liquor. Henry Paz was admittedly so but the complete testimony leaves the question whether Leonora Paz was somewhat in doubt, though that given above, appellant contends, shows that she was an accomplice. If there had been no further evidence than this on the subject there would be merit to this contention, but the record discloses that later in the trial she testified positively that she had nothing whatever to do with the manufacture of the liquor; that though she lived in the house with Henry Paz and saw the still in operation, she did not help him mix or prepare the mash, keep the fire under the still, bottle the liquor, or do anything whatever in connection with it, and that by the expression used by her on cross-examination, ''I didn't help him all the time. I helped him once in a while,'' she meant she helped him in the kitchen by getting his meals and had no reference whatever to the liquor.

With the record in this condition the court in its instructions fully advised the jury as to the meaning of section 5055 providing that a conviction cannot be had on the testimony of an accomplice unless it is corroborated by other evidence which in itself and without the aid of the testimony of an accomplice tends to connect the defendant with the commission of the offense. The jury was then told that Henry Paz was an accomplice and that the defendant could not be convicted on his testimony unless it was corroborated as provided in this section.

Thereupon the court properly defined an accomplice, pointed out in what way Leonora Paz could have made herself one and informed the jury that the defendant could not be convicted on her testimony if she was also an accomplice unless what she said was corroborated. But in view of the conflicting testimony bearing on

her accomplicity the court, instead of himself deciding whether she was in fact an accomplice, left the determination of this question to the jury, using this language:

"I am leaving to you for your determination under the instructions I have given you whether or not the witness, Paz, the wife of Henry Paz, was an accomplice under the evidence in this case. If you find that she was an accomplice then under all the evidence in the case you should return a verdict of not guilty."

And since the testimony of Henry Paz and that of Leonora Paz given on cross-examination may have been considered in conflict with that she gave later in the case relative to any part she may have taken in the manufacture of the liquor, it is clear that it was a question for the jury to decide whether she did in fact aid the defendant in that act and in consequence thereof became an accomplice. The question, therefore, was properly submitted to the jury for its determination, for where the matter is doubtful, as in this instance, this is a proper course to pursue, though it is the function of the court to decide it when the facts are clear and undisputed. In 16 C. J. 677, section 1370, is found the following statement of the rule:

"Where the facts with respect to the participation of a witness in the crime for which defendant is on trial are clear and undisputed, it is for the court to determine whether or not he is an accomplice; but the question of accomplicity is one to be decided by the jury where, although there is evidence tending to connect the witness with the crime, the facts are disputed or susceptible of different inferences."

In *People* v. *Frahm*, 107 Cal. 253, 290 Pac. 678, the court used the following language:

"It is a well-settled principle of law that, where the facts with respect to the participation of a witness in the crime for which the defendant is on trial are

clear and undisputed, it is for the court to determine whether he is an accomplice. *People* v. *Compton,* 123 Cal. 403, 56 Pac. 44; *People* v. *Sternberg,* 111 Cal. 11, 43 Pac. 201; *People* v. *Truax,* 30 Cal. App. 471, 158 Pac. 510. On the other hand, the question of accomplicity is one to be decided by the jury, where, although there is evidence tending to connect the witness with the crime, the facts are disputed or susceptible of different inferences.''

In finding the defendant guilty the jury evidently decided that Leonora Paz was not an accomplice and its conclusion was supported by the testimony. Hence, the judgment is affirmed.

ROSS and LOCKWOOD, JJ., concur.