[Criminal No. 893.   Filed October 22, 1940.]

[106 Pac. (2d) 508.]

STATE OF ARIZONA, Appellant, v. ARNOLD WHITE, Appellee.

190

Mr. Joe Conway, Attorney General, Mr. Burr Sutter, Associate Counsel for State of Arizona, Mr. Frank E. Thomas, County Attorney, and Mr. David J. Marks, Deputy County Attorney, for Appellant.

Mr. John F. Ross, for Appellee.

LOCKWOOD, J.—This is an appeal by the State of Arizona from an order of the superior court of Cochise county granting Arnold White, hereinafter called defendant, a new trial. The facts necessary for a disposition of the appeal may be stated as follows:

Defendant was tried by a jury in the superior court of Cochise county, and convicted of presenting false and fraudulent claims to the State of Arizona. After conviction, defendant filed a motion for new trial, setting forth as grounds thereof, among other things:

"(2) that there was not sufficient corroboration of the testimony of Francis H. Harrison, an accomplice.

"(3) that the conduct of the county attorney and his assistant during the progress of the trial was not in line with good practice and ethics, and was injurious and prejudicial to the rights of the defendant and not conducive to a fair and impartial trial, as follows: . . .

"(c) Statement of county attorney that Hines had been convicted on testimony of an accomplice and that it was the duty of the jurors to clean up an awful condition by finding defendant guilty, . . . "

The motion was granted on these two grounds expressly.

██ The general rule in regard to an appeal from an order granting or denying a new trial is that the matter is discretionary with the trial court, and will not be reviewed by this court unless it appears affirmatively there has been an abuse of discretion. We examine the record, therefore, for the purpose of ascertaining whether the trial court did abuse its discretion in granting a new trial on both of the grounds set forth, for if it was correct on either, the fact that it was incorrect on the other is immaterial.

The first ground is that there was not sufficient corroboration of the testimony of Francis H. Harrison, who was admittedly an accomplice of defendant, if the latter were guilty of the crime charged. Our statute

on this point, being section 5055, Revised Code of 1928, reads as follows:

*"Corroboration of accomplice.* A conviction cannot be had on the testimony of an accomplice, unless he is corroborated by other evidence which, in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof."

It will be seen thereby that the corroborating evidence does not need of itself to prove the defendant guilty beyond a reasonable doubt. It is sufficient if it "tends to connect the defendant with the commission of the offense." *Reynolds* v. *State,* 14 Ariz. 302, 127 Pac. 731, 732; *Jenkins* v. *State,* 23 Ariz. 485, 205 Pac. 322. And it is not necessary that any particular testimony of the accomplice be corroborated. *Kingsbury* v. *State,* 27 Ariz. 289, 232 Pac. 887. It is unnecessary for us to set forth in this opinion the corroborating evidence. We are of the opinion that it was properly admitted, and was amply sufficient to sustain a conviction of defendant, under section 5055, *supra.*

The second question is more serious. The county attorney, during his final argument to the jury, stated, in substance, as follows:

" 'Mr. Ross said: you cannot convict the defendant on the unsupported testimony of Mr. Harrison, an accomplice. They convicted Hines in New York on the evidence of an accomplice and they cleaned up a bad mess. We have a dirty mess here which we are trying to clean up. We have convicted one man and it is the duty of you as jurors to help us clean up this awful condition by finding this defendant guilty.' "

While this statement does not appear in the reporter's transcript, we must assume from the ruling of the trial court, on the motion for new trial, that it was made.

We have held in the case of *Burrows* v. *State,* 38 Ariz. 99, 297 Pac. 1029, that it was error to call to the attention of the jury the conviction of another defendant in another case as a reason why defendant should be convicted in the instant case, and we reversed the Burrows case on that ground alone. It is true that the remark made by the county attorney in the present case was not as prejudicial, on its face, as that made in the case cited, but the trial court is the best judge of whether the error was actually prejudicial, and it found that it was.

We think that, as a matter of law, we cannot say that in granting the motion for new trial, on the ground of the erroneous remark of the county attorney, the trial court so abused its discretion that we are required to reverse its action.

The only remaining question is whether the failure of counsel for defendant to object to the remark of the county attorney when it was made waives the error. We have held repeatedly that when an appeal is taken to this court, on the ground that an attorney was guilty of improper conduct in the course of a trial, if no objection is made by the appellant in the trial court, the objection is waived. This, however, is required so that the trial court may have an opportunity of itself correcting its error, and we think does not apply to a situation where a motion for a correction of an error is made to the court in which it was committed.

The order appealed from is affirmed.

ROSS, C. J., and McALISTER, J., concur.