283 P.2d 239

**STATE of Arizona, Appellee,**

v.

**William Jennings Bryant MERRYMAN, Appellant.**

No. 1066.

Supreme Court of Arizona.

May 3, 1955.

Alan Philip Bayham, Phoenix, for appellant.

Ross F. Jones, Atty. Gen., Lawrence Ollason, Asst. Atty. Gen., William P. Mahoney, Jr., County Atty., Lawrence C. Cantor, Asst. County Atty., Phoenix, for appellee.

PHELPS, Justice.

Defendant William Merryman was, by the first count of an information, charged with the crime of wilfully, unlawfully and feloniously having sexual intercourse with a female child under the age of 18 years, not his wife. The crime is alleged to have occurred on or about the 13th day of March, 1954. By the second count of the information, defendant was charged with the crime of incest. Under this count it is alleged that on the same date defendant had sexual intercourse with his daughter who will be hereinafter referred to as the prosecuting witness.

Defendant entered a plea of not guilty to each of said counts and was tried by a jury which found him guilty on both counts. The court pronounced sentence of not less than 12 nor more than 16 years on the rape charge, and not less than 5 nor more than 10 years on the incest charge, the sentences to run concurrently. From the verdict and judgment entered thereon, defendant appeals.

We will not go into the details of the evidence because as in most rape cases, there are two diametrically opposed stories, also because of its salacious nature.

The pertinent facts are these: At the suggestion of defendant he and the prosecuting witness went for an auto ride on the day that the alleged events here involved took place. Defendant claimed the ride was taken in order to teach the prosecutrix, who was only 14 years of age, how to drive a car. They drove off of the main traveled highway just north of the weighing station northwest of Beardsley at which point defendant told her to turn off the main highway and then directed her to a secluded spot on the desert.

The defendant denied each and all of these acts. A doctor testified that some six to eight hours after the purported act had taken place, he examined the prosecuting witness to determine whether sexual intercourse had occurred. The doctor testified that he performed a pelvic examination to ascertain whether or not lacerations were present. Also he took two smear tests to examine for spermatozoa. These examinations revealed that there were no lacerations and the smear tests were negative.

Defendant complains that the court committed error in refusing defendant's motion for a mistrial. This motion was based on statements made by the state's counsel in his argument to the jury to the effect that "defendant had the right of appeal but that Kathy (the prosecutrix) did not". Defendant claims this was prejudicial error.

The general rule is that whether or not improper argument in a criminal case has influenced the verdict must be left to

the sound discretion of the trial court on motion for a new trial. Hoy v. State, 53 Ariz. 440, 90 P.2d 623; State v. White, 56 Ariz. 189, 106 P.2d 508. If there has been no abuse of that discretion and it appears that substantial justice has been done the court will not reverse the judgment. Sage v. State, 22 Ariz. 151, 195 P. 533; Hoy v. State, supra; Lawrence v. State, 29 Ariz. 247, 240 P. 863. Counsel should always confine their argument to the pertinent law and facts of the case. The trial court in the instant case instructed the jury to disregard counsel's remarks and we believe properly denied defendant's motion for a mistrial. While the remarks were improper we see nothing in them calculated to inflame the minds of the jurors with passion or prejudice or influence the verdict in any degree. In Vaughan v. State, 58 Ark. 353, 24 S.W. 885, 888, 889, a much more damaging remark was made to the jury by the prosecutor than made here. In that case the prosecutor said:

"* * * 'No innocent man was ever yet hung, and, if the jury wrongfully convicted the defendant, he had a right to appeal to the supreme court, who would rectify the wrong.' * * *"

The court said the trial judge told the jury the remarks were improper. The court further stated that while they were improper and unwarranted they were not prejudicial since the first part of the remark was a mere matter of opinion and the latter part as to the right of appeal was already known to every intelligent juror.

Defendant next advances the argument that the trial court erred in not granting him a directed verdict because the evidence was insufficient to uphold a guilty verdict, and also that the verdict and the judgment entered was contrary to the weight of the evidence.

■ Conviction of statutory rape may be had on the uncorroborated testimony of the prosecutrix. Counsel concedes that this rule has been stated in numerous cases by this court, some of which are State v. Pollock, 57 Ariz. 415, 114 P.2d 249 and State v. Haston, 64 Ariz. 72, 166 P.2d 141, and in the more recent case of State v. Laney, 78 Ariz. 19, 274 P.2d 838, 839, wherein we quoted from State v. Pollock, supra, as follows:

" 'The first question is as to the sufficiency of the evidence to sustain the verdict. The prosecutrix testified directly and positively to the completed crime. Defendant denied that he had either attempted or completed the offense charged. If this were all, the question would undoubtedly be one for the jury, for in Arizona in a case of this kind a conviction may be had upon the uncorroborated testimony of the prosecutrix unless her story is physically impossible, or so incredible that no reasonable man could believe it. Reidhead v. State, 31 Ariz. 70, 250 P. 366; Zavala v. State, 39 Ariz. 123, 4 P.2d 390.' "

■ From the foregoing cases it can be said that in a case such as the one here involved it is the function of the jury to determine whether her story is physically impossible or so incredible that no reasonable man could believe it. The jury was fully apprised of her dislike or her hatred for her father. Notwithstanding this, the jury believed her story and convicted the defendant, and in denying defendant's motion for a new trial the judge evidenced his approval of the action of the jury. If the trial judge, as a matter of law, thinks her story to be incredible he can grant a directed verdict or a new trial as the case may be.

■ We have also said that this court must view the evidence in its strongest light in favor of the verdict and all reasonable inferences therefrom must be taken in the most unfavorable manner to defendant. State v. Stephens, 66 Ariz. 219, 186 P.2d 346.

The two assignments set out by defendant on this proposition of law were discussed in the case of State v. King, 66 Ariz. 42, 182 P.2d 915, 917, wherein the court said:

"'If, at the close of the evidence for the state or at close of all the evidence in the cause, the court is of the opinion that the evidence is insufficint (insufficient) to warrant a conviction, it may, and on the motion of the defendant shall, direct the jury to acquit the defendant.'

"The evidence is sufficient where it discloses facts from which the jury may legitimately deduce either of two conclusions, Gibbs v. State, 48 Ariz. 25, 58 P.2d 1037; Plemons v. State, 53 Okl.Cr. 263, 10 P.2d 285, and where there is substantial evidence that defendant committed the crime of which he is accused. State v. Ellison, 19 N.M. 428, 144 P. 10. The weight and sufficiency of the evidence are matters for the jury, whose decision on disputed facts is final. Antone v. State, 49 Ariz. 168, 65 P.2d 646; 23 C.J.S., Criminal Law, § 1138."

From the foregoing discussion clearly defendant's assignments of error Nos. 2 and 3 are without merit.

The fourth and final assignment of error is that the trial court should have granted the motion for a new trial on the theory of insufficient evidence to sustain the verdict and also that the verdict was a result of passion and prejudice.

The court has said in the case of State v. White, supra [56 Ariz. 189, 106 P.2d 509]:

"The general rule in regard to an appeal from an order granting or denying a new trial is that the matter is discretionary with the trial court, and will not be reviewed by this court unless it appears affirmatively there has been an abuse of discretion. * *"

We have examined the record to ascertain whether the trial court did abuse its discretion in denying a new trial. It is our

position that the trial court did not do so and defendant has failed to point out to us where its discretion was abused.

As previously stated, the testimony of the witnesses was in conflict and when that is the case it is a question for the jury to resolve. The trial court, as a matter of law, felt the evidence was sufficiently strong to go to the jury. We agree with that view.

Judgment affirmed.

LA PRADE, C. J., and UDALL, WINDES and STRUCKMEYER, JJ., concur.