478 P.2d 85

**STATE of Arizona, Appellant,**

v.

**William D. GODSOE, Appellee.**

**No. 1803.**

Supreme Court of Arizona,
In Division.

Dec. 23, 1970.

Moise Berger, Maricopa County Atty., Robert K. Corbin, Former Maricopa County Atty., by Leslie L. Miller, and William H. McLean, Deputy County Attys., Phoenix, for appellant.

Minne & Sorenson, by Harold E. Whitney, Phoenix, for appellee.

HAYS, Justice.

The state has appealed from an order granting a new trial to defendant after a jury had found him guilty of rape, second degree.

The trial was before Judge J. Smith Gibbons. However, after the verdict was returned, Judge Gibbons suffered a stroke and was unable to continue on the case. The motion for a new trial was assigned to Judge Donald F. Daughton and one of the grounds upon which he based his order

462

was that the verdict was contrary to the weight of the evidence. The state contends that the evidence fully sustained the conviction and that the court abused its discretion in granting a new trial.

The complainant was a ten year old girl. She testified that her mother took her to defendant's apartment to stay overnight and that, at about 10:30 p. m., defendant called her into his bedroom where he accomplished the act charged. Another young girl, of the same age as complainant, testified that when she was visiting complainant at defendant's apartment on a day after the event in question, defendant asked them to engage in sexual intercourse with him but that they refused. She further testified that on the following night, defendant came into their bedroom and exposed himself to them.

Defendant took the stand and testified that he managed the apartment building where he lived at the time of the alleged offense; that complainant and her family had lived there about one year; that complainant's mother was poor and had asked him to keep complainant on a number of occasions when she was working or when complainant was fighting with her older sister. Defendant indicated that he was sympathetic with the financial problems of complainant's family and often helped them by providing groceries and clothes and by loaning the mother small sums of money. Defendant further testified that another young girl, a daughter of one of his friends, also stayed at his apartment because she could not get along with her step-mother. Although she was present in defendant's apartment at the time of the alleged offense, she did not testify. Defendant denied having committed the offense charged.

The matter of granting or denying a motion for a new trial is largely discretionary with the trial court and its decision will not be disturbed unless it affirmatively appears that there has been an abuse of discretion. The discretion exercised must be a legal rather than an arbitrary discretion and it must be exercised in a legal manner. State v. Turner, 92 Ariz. 214, 375 P.2d 567 (1962); State v. Chase, 78 Ariz. 240, 278 P.2d 423 (1954); State v. White, 56 Ariz. 189, 106 P.2d 508 (1940); State v. Duguid, 50 Ariz. 276, 72 P.2d 435 (1937). However, if an examination of the record indicates that no mistake of law or fact occurred during the trial and that the evidence fully sustains the conviction, it is an abuse of discretion to grant a new trial. State v. Duguid, supra.

Before we consider the question of whether discretion was abused in the instant case, we must first determine the extent of discretion possessed by a judge in ruling on a motion for a new trial where he did not preside at the trial and where he was forced to hear the motion because the judge who presided at the trial was unable to do so.

■ The majority of cases passing on the question have held that a judge who is substituted for the presiding judge after the verdict of the jury is returned may hear a motion for a new trial. Annot., 83 A.L.R.2d 1040. It has been held that the succeeding judge may pass upon the sufficiency of the evidence in a criminal case in spite of his handicap of not having heard the testimony of the witnesses. Boyles v. People, 90 Colo. 32, 6 P.2d 7 (1931). Under Rule 310 of the Arizona Rules of Criminal Procedure, 17 A.R.S., the court must grant a new trial if it is established on the motion for new trial that the verdict is contrary to the weight of the evidence. We are of the opinion that this substantial right may not be denied to a defendant solely because the judge who presided at his trial was not able to hear the motion. We hold that in this situation the succeeding judge may weigh the evidence and either grant or deny the motion for new trial by the exercise of the same discretion as if he had presided at the trial.

The evidence in this case was conflicting. The defendant testified that the charge was completely false while the state's case in chief consisted only of the

uncorroborated testimony of the ten year old complainant. Although the testimony of the alleged victim need not be corroborated in this type of offense, this factor could be properly considered in determining a motion for a new trial. Further, the transcript indicates that complainant was a very difficult subject on cross-examination. This was perhaps due to her age. Her answer to numerous questions was that she could not remember. Although she gave precise answers to certain questions during the preliminary hearing, she experienced difficulty in answering the same questions at the trial even when asked to do so in terms of estimates.

■ Complainant's testimony as to when the offense occurred was both vague and conflicting. At the trial she testified that the offense occurred the very first time she stayed at defendant's apartment which she estimated to be sometime during the month of Easter. However, at the preliminary hearing she testified that the first time she stayed with defendant was near Christmas. It should also be noted that although the offense was allegedly committed on or about May 8, 1966, complainant did not inform her mother of the incident until June 7, 1966, the day defendant was arrested. It is apparent that the probative value of complainant's testimony was weak. From this record, we are unable to say that the evidence so fully sustains this conviction that it was an abuse of discretion to grant a new trial.

■■ It should be pointed out that although the state filed its opening brief on January 5, 1968, defendant's brief was not filed until July 10, 1970, almost two and one-half years late. In addition, the state's reply brief was not filed until November 13, 1970. Counsel for both parties failed to move for a continuance or for an extension of time, nor was there any motion to compel the filing of the dilatory briefs. We repeat our admonition in State v. Stefanik, 106 Ariz. 466, 478 P.2d 90 (filed December 16, 1970), that counsel has the duty to bring opposing counsel's errors to our attention. This court will not tolerate unreasonable delays which affect the proper administration of justice.

The order of the superior court granting a new trial is affirmed.

LOCKWOOD, C. J., and STRUCKMEYER, V. C. J., concur.