526 P.2d 714

**STATE of Arizona, Appellee,**

v.

**Oscar Charles WILLIAMS, Appellant.**

**No. 2904.**

Supreme Court of Arizona,
En Banc.

Sept. 26, 1974.

N. Warner Lee, Atty. Gen., Phoenix, by Wm. Michael Smith, Yuma County Atty., Yuma, for appellee.

Paul E. Hunter, Jr., Yuma, for appellant.

HAYS, Chief Justice.

The appellant, Oscar Charles Williams, hereinafter referred to as the defendant, appeals from a conviction in the trial court of first degree rape.

■ Defendant first contends that the search warrant obtained by the police for the purpose of searching Williams's home for articles of clothing tending to prove the identity of the assailant was fatally defective in two respects: the issuing magistrate failed to sign the warrant, and certain factual allegations made in the warrant were later found to be false. The first issue was disposed of by this court in Yuma County Attorney v. McGuire, 109 Ariz. 471, 512 P.2d 14 (1973), and need not be again considered. As to the second issue, none of the falsehoods alleged affected the integrity of the warrant, i. e., the search warrant was not materially defective in its allegations and will therefore be upheld. State v. Cox, 110 Ariz. 603, 522 P.2d 29 (1974).

■ The next issue raised by defendant concerns the photographic lineup conducted by the police. On the second day after the incident, a police detective presented a stack of 146 pictures from which the victim was to try to identify her assailant. In this stack of pictures was a Polaroid photograph of the defendant. The victim had previously described her assailant as being a black male of medium build in his twenties. The photographic lineup was composed of all the photographs that the Yuma police department had in the mug and ID file of black males in their twenties, including 12 to 14 photographs of rape suspects from rapes that had occurred in the past. The defendant had been discussed and dismissed by the police as a primary suspect, however, because he was no longer thought to be in the Yuma area. The victim picked out the picture of defendant and perhaps the picture of another individual. Most of the pictures were identical in size and in the manner of having been taken. In arguing that his photograph was unique in being a Polaroid and somewhat smaller, the defendant ignores the fact that other pictures in the stack of 146 also differed from the majority in their composition. The testimony is uncontradicted that the detective present at the time made no comment to the victim with regard to any of the pictures.

■ A recognized ground for attack is the claim that the identification technique employed was "so unnecessarily suggestive and conducive to irreparable mistaken identification that [the defendant] was denied due process of law." Stovall v. Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967). Questions as to whether there has been an accurate in-court identification of the defendant untainted by prior identification procedures and whether such procedures were fair to the defendant are preliminary questions for the trial court. State v. Dessureault, 104 Ariz. 380, 453 P.2d 951 (1969). In this case, the trial court held a hearing and found that the procedures utilized by the police were proper. The trial court's determination will not be disturbed on appeal unless there is clear and manifest error. State v. Murray, 106 Ariz. 150, 472 P.2d 19 (1970). A photographic identification will be set aside only if the procedure was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968). A photographic identification that is reasonably imperative for a proper police purpose and which comports with fairness in the number, type, general physical similarity, and nonemphasis of any particular suspect will not be precluded. State v. Lang, 107 Ariz. 400, 489 P.2d 37 (1971). Considering the above factors, the decision of the trial court will not be disturbed.

■ The third issue raised by the defendant is whether in fact a rape did occur. Mere contact will not uphold a conviction for rape, but the Arizona statute provides that the slightest penetration is sufficient. ARS § 13–612. An emission is not necessary. State v. Pollock, 57 Ariz. 415, 114 P.2d 249 (1941). A conviction may be had on the basis of the uncorroborated testimony of the prosecutrix unless

**178**

the story is physically impossible or so incredible that no reasonable person could believe it. State v. Pollock, *supra*. It is the function of the jury to determine whether the testimony of the prosecutrix is such as to make the story credible or reasonable and, of course, the court must view the evidence in the strongest light in favor of the verdict. State v. Merryman, 79 Ariz. 73, 283 P.2d 239 (1955).

The testimony of the victim and the corroborating testimony is sufficient in this case to uphold the verdict of first degree rape.

 Counsel argued the difficulty of a black defendant getting a fair trial from a white jury when the victim is a white woman. The defendant is not entitled to a jury that is composed of the exact proportion of his race as exists in the general population. All that is required is a jury selected by a process from which members of his race are not systematically excluded. State v. Taylor, 109 Ariz. 267, 508 P.2d 731 (1973). Considering the fact that less than 1% of the population of Yuma County is black and the fact that there was no such objection made during the empaneling of the jury, no prima facie case of jury prejudice has been made. Furthermore, there is nothing in the record which would indicate that the verdict was a result of racial prejudice; the story of the prosecutrix is not inherently improbable. State v. Hilliard, 89 Ariz. 129, 359 P. 2d 66 (1961).

 Lastly, the defendant argues that the defendant received his sentence of eighteen (18) years to life on the basis of improperly admitted prior convictions of rape and attempted rape. We need not consider the validity of the prior convictions since the sentence imposed is within the statutory limits for the crime without prior convictions. ARS § 13-614.

Judgment affirmed.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.